UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 03-10398-MLW |
| ) | |
| DAVID RUIZ ) | |

REPORT TO THE COURT AND
SUGGESTION ABOUT FURTHER PROCEEDINGS

    The United States, by Assistant United States Attorney John Capin, and defendant David Ruiz, by his counsel, respectfully submit this report about the current status of the case. In the view of the parties, defendant is now competent to understand the proceedings and to properly assist in his own defense. The parties are executing a plea agreement with a joint recommendation, pursuant to Fed. R. Crim. P. 11(c)(1)(C), of a term of 37 months, and defendant is prepared to enter a plea of guilty pursuant to that agreement. The parties further request that the status conference in this matter, now scheduled for August 17, 2006, be continued to a date in early September, since defense counsel is on vacation and is unable to appear.

    As grounds for this motion, defendant states:

    1. Defendant is charged in this Court with two counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

    2. By motion dated May 27, 2005, defense counsel raised the question of defendant's competency. Following a hearing before

this Court, defendant was committed, pursuant to 18 U.S.C. § 4241, for evaluation to FMC Springfield. By report dated October 3, 2005, the examiner concluded that defendant was competent.

    3. In late October 2005, following defendant's return to this District, defense counsel sought appointment of a second examiner to evaluate defendant's competency. The Court appointed Dr. William Stone, a forensic neuropsychologist. By report dated April 10, 2006, filed with the Court under seal, Dr. Stone stated that, in view of Mr. Ruiz's cognitive deficits, "it will be difficult for Mr. Ruiz to participate meaningfully [in his own defense], especially when abstract conceptualization is required. Certain accommodations may help. For example, information should be communicated in a concrete manner, in small, discrete units and repeated often. Mr. Ruiz should be checked with constantly to try and ensure that he understands the information or proceedings."

    4. Since the date of Dr. Stone's report, defense counsel has met with defendant three times at Plymouth County Correctional Institution to discuss the case and to further assess Mr. Ruiz's competency. In the view of defense counsel, Mr. Ruiz showed greater understanding of the proceedings and of his options. In the view of defense counsel, while Mr. Ruiz's intellectual functioning is still quite limited, Mr. Ruiz

adequately appreciates his legal predicament and can sufficiently assist in his defense so that this matter may proceed.

    5.  On May 2, 2006, Dr. Stone again met with Mr. Ruiz to observe the interaction between Mr. Ruiz and counsel, and to update his assessment of Mr. Ruiz's competency.  As set by separately-filed letter, dated August 11, 2006, Dr. Stone states that Mr. Ruiz shows "a better understanding of his future at the present time than he did in March, including at least a rudimentary knowledge of what might happen to him in the future if he makes one decision or another. This demonstrates a greater conceptual understanding of events, and a level of competency that he did not show in March."  Dr. Stone further states "it is the opinion of this examiner that Mr. Ruiz is now competent to understand the charges against him and the circumstances of his case, and to assist meaningfully in his defense."

    6.  In the view of both defense and government counsel, Mr. Ruiz is competent to proceed in this matter.  The parties have reached a plea agreement, pursuant to Rule 11(c)(1)(C), which urges a sentence of 37 months, and Mr. Ruiz is prepared to enter a guilty plea in accordance with its provisions.  The parties recommend that the Court schedule this matter for a plea in early September, at which time the Court may make its own assessment of Mr. Ruiz's competency by direct inquiry during the Rule 11 colloquy.  The Court may also wish Dr. Stone to attend the

colloquy to answer any questions about Mr. Ruiz's capacity, and, if so, undersigned counsel will ensure his attendance at the proceedings.

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney | DAVID RUIZ<br>By his attorney, |
| /s/ John A. Capin | /s/ Charles P. McGinty |
| By: _____<br>    John A. Capin<br>    Assistant U.S. Attorney | _____<br>Charles P. McGinty<br>   B.B.O. #333480<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA  02110<br>Tel: 617-223-8061 |

## CERTIFICATE OF SERVICE

   I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 14, 2006.

/s/ Charles P. McGinty

Charles P. McGinty