UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
       v.                     )   CRIMINAL NO. 03-10398-MLW
                              )
DAVID RUIZ                    )
```

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, David Ruiz, submits this memorandum to assist the Court in sentencing. For the reasons that follow, defendant submits that a sentence of 37 months, jointly recommended by the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C), is sufficient but not greater than necessary to effectuate the factors set forth in 18 U.S.C. § 3553(a).

I. Procedural History

1. By indictment dated December 17, 2003, defendant was charged in this Court with two counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He was arrested on January 7, 2004 and consented to voluntary detention.

2. On September 15, 2004, following a hearing before the Court, Bowler, M.J., Mr. Ruiz was transferred to the Bridgewater State Hospital for treatment following a suicide attempt.

3. By motion dated May 27, 2005, defense counsel raised the question of defendant's competency. Following a hearing, defendant was committed, pursuant to 18 U.S.C. § 4241, for evaluation to FMC Springfield.

4. In late October 2005, defendant was returned to this district. Defense counsel sought appointment of a second examiner to evaluate defendant's competency. The Court appointed Dr. William Stone, a forensic neuropsychologist, who submitted a report dated April 10, 2006.

5. On August 14, 2006, in a Report filed with the Court, the parties jointly expressed the view that defendant adequately appreciated his legal predicament and could sufficiently assist in his defense so that this matter might proceed.

6. On September 7, 2006, defendant entered his plea to the indictment under the terms of a plea agreement offered pursuant to Fed. R. Crim. P. 11(c)(1)( C).

II.  <u>Facts Relevant to Sentencing</u>

Mr. Ruiz faces sentencing in connection with the sale of a firearm and ammunition five years ago, in January 2001.

Mr. Ruiz was reared in an abusive and neglectful environment. His father abused his mother physically and abused one of his sisters sexually. When Mr. Ruiz was about 7 years old, his parents divorced. Mr. Ruiz' mother was a depressed alcoholic, and several family members have had substance abuse/dependency problems, including an aunt who died from substance abuse-related problems, and a brother-in-law who died from an overdose.

Medical and educational records disclose that Mr. Ruiz had significant developmental and medical problems.  Records, including from his Bridgewater State Hospital Admission, described Mr. Ruiz as not speaking until the age of 6 or 7.  At about age 8, Mr. Ruiz suffered a significant head injury when he was struck by a car while he was riding a bicycle, resulting in a loss of consciousness and seizures which required medication.  Dr. Gansler, in his evaluation filed with the Court, pointed to February 1996 findings that Ruiz had an abnormal EEG with slowing in the left temporal region, which traced to a history of a subdural hematoma in a brain region which, Dr. Gansler noted, is almost always involved in language/verbal abilities.  Dr. Stone, in his evaluation, added that such "severe head injuries and seizures there may be associated with psychiatric symptoms that can include psychosis."

Records also note that Mr. Ruiz suffered from hearing loss, although the cause was uncertain.  An audiology report from June 9, 1983 (by Ms. Julie Gross, M.Ed.) concluded that Mr. Ruiz had a mild to moderate hearing loss bilaterally.  According to the report of Dr. Stone, "[i]t is likely that Mr. Ruiz' long-standing hearing problems contributed to language problems [and] there is also a good possibility that some of these problems were neurodevelopmental."  Dr. Stone cited a June 15, 1987 evaluation performed at the Bartlett School which described "severe speech

and language delays" for which Mr. Ruiz received speech and language therapy for seven years.

A review of Mr. Ruiz' academic performance in June 1992, when he was 18, showed test scores of fourth grade proficiency in math, third grade in academic skills, second grade in reading, second grade in written language, and first grade in knowledge. He was described as an 8th grader in 1992, when he left school at the age of 19.

Mr. Ruiz also has a significant psychiatric history, variously diagnosed. He was hospitalized at Baldpate Hospital in 1993 for symptoms that included auditory hallucinations. He first received a diagnosis of schizophrenia, paranoid type, which was changed to schizoaffective disorder, depressed type. Following his suicide attempt at Plymouth County Correctional Facility, where he tied a sheet around his neck and was stopped by another detainee as he tried to propel himself off the tier, he was evaluated at Bridgewater State Hospital by Dr. Katherine Herzog, Psy. D., a forensic psychologist. In her report, dated October 12, 2004, she noted that he described "voices commanding him to harm himself" as the cause of his most recent suicide attempt (his third such attempt). She diagnosed Mr. Ruiz with dysthymia.

Dr. Stone summarized this history, noting that:

The available records do not identify the best
diagnosis (or diagnoses) clearly, but Mr. Ruiz' long

```
history of psychotic symptoms is consistent with
descriptions of his poor cognitive abilities ... and
with his low levels of occupational/independent
function.  For example, Mr. Ruiz has almost no
employment history except for occasional jobs involving
manual labor that he was unable to keep (e.g., he told
Dr. Herzog at Bridgewater State Hospital that "they
always throw me out", often because he is too slow and
also because of his temper).  He does not have a
driver's license, received social security disability
insurance related to his mental illness and needed a
representative payee.  Moreover, Mr. Ruiz lived with
his mother and sister for most of his life, or with a
girlfriend on weekends.  He has thus shown consistently
low levels of function over extended periods of time
and across multiple functional domains.
```

ARGUMENT

A SENTENCE OF 37 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO EFFECTUATE THE GOALS OF 18 U.S.C. § 3553(A).

Under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer binding on the Court.  Instead, the Court should look to 18 U.S.C. § 3553(a), and impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2).  Those purposes are: "(A) to reflect the seriousness of the offense . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . . and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"

The guidelines themselves provide for a downward departure for extraordinary mental and emotional conditions.  <u>See</u> U.S.S.G. § 5H1.3.  A guideline departure would be appropriate given Mr. Ruiz's current reduced level of functioning.

The nature of the offense includes the fact that Mr. Ruiz was forthcoming and cooperative with agents at the time of his arrest.  His personal characteristics include that he was raised in a chaotic family environment, including having witnessed his mother being abused.  He experienced the long-term effects of head injury and suffers from extensive psychiatric problems, including several suicide attempts.  His history includes language problems and academic failure, reflecting a low level of cognitive functioning.

During his pretrial detention in this case, his condition worsened.  While there is no neuropsychological baseline to permit assessment of his current level of functioning compared to the time of his offense or of his arrest in 2004, it has been apparent to this counsel that Mr. Ruiz has suffered a significant decline in functioning in the period following his failed suicide attempt in September 2004.  During meetings with counsel over the course of several months, Mr. Ruiz appeared lethargic and uninterested, and had difficulty comprehending rather elementary matters which had been discussed at length on earlier occasions.  His facial expression was vacant, and he would sit passively,

quietly looking in counsel's direction with little indication that he understood anything said.  This was a rather dramatic change from the earlier David, who peppered counsel with questions (albeit simple ones) and expressed concern about how the case might turn out.

As he faces sentencing, Mr. Ruiz's functioning has improved, certainly, from the lows of the past year, when counsel raised the issue of competency.  But, in many significant ways, Mr. Ruiz is not the man who was arrested in this case in January 2004, let alone the man who possessed the firearm in 2001.  This reality is reflected in the sentence jointly recommended by the parties, 37 months in custody.  Mr. Ruiz needs the help and structure which probation can provide, surely, and the recommendation makes plain the view of the parties that continued incarceration will not aid that effort.

Mr. Ruiz is currently on dosages of Seraquil and Prozac, which have proven effective.  He has demonstrated insight into his problems.  He told the probation officer that "he now knows how to ask for help if [feelings of depression] arise," and that he "recognizes that he will need both mental health counseling and medication upon his release from prison."  PSR at ¶ 86.

Upon release, defendant will live with his brother Alberto Ruiz, who has a two bedroom apartment in Lowell, MA. Alberto Ruiz is an engineering technician at a firm in Billerica,

who was educated at Greater Lowell Vocational High School and for one year at Middlesex Community College.  He has told undersigned counsel that he will care for his brother and assist his supervision.

## CONCLUSION

For the foregoing reasons, defendant urges the Court to accept the agreed recommendation of the parties to 37 months in custody, along with conditions of mental health counseling.

>DAVID RUIZ
>By his attorney,
>
>/s/ Charles P. McGinty
>
>Charles P. McGinty
>   B.B.O. #333480
>Federal Defender Office
>408 Atlantic Avenue, 3rd Floor
>Boston, MA  02110
>Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2006.

>/s/ Charles P. McGinty
>
>Charles P. McGinty