UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 03-10398-MLW |
| DAVID RUIZ, | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America submits this memorandum in anticipation of the sentencing hearing in this case. Consistent with the plea agreement between the parties, which was tendered under Fed. R. Crim. P. 11(c)(1)(C), the government recommends a sentence of incarceration for a period of 37 months; supervised release for a period of three years; a fine in the amount of $6,000; and $200 mandatory special assessment.

**I.   Background**

   **A.   Offense of Conviction**

The defendant was charged with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 9229(g). In tendering his guilty plea, subject to the Court's acceptance of that plea, the defendant admitted to selling a firearm and ammunition to a government informant in early 2001.

   **B.   Plea Agreement and Presentence Report**

The parties have entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). In that agreement, the parties agreed, inter alia, that the defendant's base offense level ("BOL") is 20, pursuant to U.S.S.G. § 2K2.1(a)(4), and that the defendant was in criminal history category III. The view that the defendant's BOL is 20 was based on the understanding that the defendant

committed the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

The government now understands that, in entering into the plea agreement, it misapprehended both the defendant's BOL and his criminal history category. As the presentence report correctly concludes, the defendant's BOL is 24 because he committed the instant offense subsequent to sustaining *two* felony convictions of either a crime of violence or a controlled substance offense. Moreover, the presentence report correctly calculates the defendant's criminal history category as VI. It is thus clear that the Guidelines calculations set forth in the plea agreement are in error.

The undersigned assistant U.S. Attorney does not fully understand how the parties made these errors in determining the defendant's offense level and criminal history category. Two partial explanations are apparent, however. With regard to the BOL, the parties erroneously concluded that the defendant's 1993 conviction for assault and battery and assault and battery on a police officer (PSR ¶37) did not constitute a felony conviction of a crime of violence for the purposes of the firearms Guideline. This error began with the fact that, prior to a 1998 change in Massachusetts law, Massachusetts misdemeanors, such as assault and battery, could not constitute predicate felonies for a "felon-in-possession" prosecution because such misdemeanors did not satisfy the definition of "crime punishable by imprisonment for a term exceeding one

year" set forth at 18 U.S.C. §921(a)(20).[1]  Undersigned counsel erroneously concluded, based on the statutory exclusion of such convictions as felon-in-possession predicates, that such convictions were not to be counted for purposes of the Sentencing Guidelines.

With regard to the incorrect calculation of the defendant's criminal history category, it is the belief of the undersigned that, in calculating the defendant's criminal history, he relied on the record maintained by the Massachusetts Board of Probation and obtained by the undersigned well in advance of the indictment in this case.  It appears that the undersigned both misread that record (and thus failed to recognize certain prior convictions as scoreable under the Guidelines) and relied on a version of that record that did not include the convictions described in the PSR at ¶¶48 and 49.

## II.    Government's Sentencing Recommendation

Despite the erroneous calculations of both the defendant's offense level and criminal history category set forth in the plea agreement, the government recognizes its "solemn duty to uphold forthrightly its end of any bargain that it makes in a plea agreement."  United States v. Saxena, 960 F.3d 1, 5 (1st Cir. 2000)(citing Santobello v. New York, 404 U.S. 257, 262 (1971)); and see  United States v. Canada, 960 F.2d 263, 268-71 (1st Cir. 1992)("Santobello prohibits not only explicit repudiation of the government's assurances [in a plea agreement], but must in the

---

[1]The definition of "crime punishable by imprisonment for a term exceeding one year" set forth at 18 U.S.C. §921(a)(20) includes a provision commonly referred to as the "civil rights restoration provision."  That provision has two components: (1) any conviction "for which a person has had civil rights restored shall not be considered a conviction;" (2) "unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  Prior to 1998, Massachusetts did not restrict the civil rights of convicted misdemeanants.  As a matter of law, the absence of such restrictions was deemed to be a restoration of civil rights for purposes of §921(a)(20).  United States v. Indelicato, 97 F.3d 627, 631 (1st Cir. 1996).

interests of fairness be read to forbid end runs around them." (citation and internal quotation marks omitted).

Accordingly, the government recommends a sentence of incarceration for a period of 37 months; supervised release for a period of three years; a fine in the amount of $6,000; and $200 mandatory special assessment.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ John A. Capin

        JOHN A. CAPIN
        Assistant U.S. Attorney