UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 03-10398-MLW |
| DAVID RUIZ, | ) ) ) | |
| Defendant | ) ) | |

**GOVERNMENT'S REVISED SENTENCING MEMORANDUM**

The United States of America submits this memorandum in anticipation of the sentencing hearing in this case. Consistent with the plea agreement between the parties, which was tendered under Fed. R. Crim. P. 11(c)(1)(C), the government recommends a sentence of incarceration for a period of 37 months; supervised release for a period of three years; a fine in the amount of $6,000; and $200 mandatory special assessment.

**I.    Background**

    **A.    Offense of Conviction**

The defendant was charged with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 9229(g). In tendering his guilty plea, subject to the Court's acceptance of that plea, the defendant admitted to selling a firearm and ammunition to a government informant in early 2001.

    **B.    Plea Agreement and Presentence Report**

The parties have entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). In that agreement, the parties agreed, <u>inter alia</u>, that the defendant is in criminal history category III. The government now understands that, in entering into the plea agreement, it misapprehended the defendant's criminal history category. As the revised presentence report

correctly concludes, the defendant is in criminal history category as V. It is thus clear that the Guidelines calculation set forth in the plea agreement are in error.

The undersigned assistant U.S. Attorney does not fully understand how he erred in calculating the defendant's criminal history category. As a partial explanation, it is the belief of the undersigned that, in calculating the defendant's criminal history, he relied on the record maintained by the Massachusetts Board of Probation and obtained by the undersigned well in advance of the indictment in this case. It appears that the undersigned both misread that record (and thus failed to recognize certain prior convictions as scoreable under the Guidelines) and relied on a version of that record that did not include the convictions described in the PSR at ¶¶48 and 49.

## II.    Government's Sentencing Recommendation

Despite the erroneous calculation of the defendant's criminal history category set forth in the plea agreement, the government recognizes its "solemn duty to uphold forthrightly its end of any bargain that it makes in a plea agreement." United States v. Saxena, 960 F.3d 1, 5 (1st Cir. 2000)(*citing* Santobello v. New York, 404 U.S. 257, 262 (1971)); and *see* United States v. Canada, 960 F.2d 263, 268-71 (1st Cir. 1992)("Santobello prohibits not only explicit repudiation of the government's assurances [in a plea agreement], but must in the interests of fairness be read to forbid end runs around them.") (citation and internal quotation marks omitted).

Accordingly, the government recommends a sentence of incarceration for a period of 37

months; supervised release for a period of three years; a fine in the amount of $6,000; and $200 mandatory special assessment.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:    /s/ John A. Capin
        _____
        JOHN A. CAPIN
        Assistant U.S. Attorney